IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:20-cr-117(2) |
| Shanika Harvey, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Shanika Harvey moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. Doc. 208. The United States opposes the motion. Doc. 212. For the reasons below, the motion is denied.

In 2022, Harvey pleaded guilty to bank fraud. Docs. 134, 135. The presentence investigation report calculated her sentencing range as 27 to 33 months, based on a total offense level of 14 and a criminal history category IV. Doc. 174. She had 7 criminal history points, plus 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 9 criminal history points. Id. Harvey was sentenced to 30 months in prison. Doc. 180.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States,

560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Harvey generally seeks a sentence reduction under Part A of Amendment 821. But Part A of Amendment 821 provides no relief because it does not lower her sentencing range. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Harvey, she would receive 1 status point instead of 2, reducing her total criminal history points from 9 to 8. But even with 8 criminal history points, Harvey remains squarely within criminal history category IV. So, her sentencing range is unaffected by the status point reduction. Because her sentencing range was not "subsequently . . . lowered by the Sentencing Commission," Amendment 821 does not authorize a sentence reduction.

After extensive review the entire record and the relevant legal authority, Harvey's motion to reduce sentence (Doc. 208) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2024.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court